# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AARON LEE BENSHOOF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. CIV-22-527-R |
| | ) |
| TRISTAN HALL, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Magistrate Judge Gary M. Purcell's Report and Recommendation. Doc. No. 12. The Court referred this case to Magistrate Judge Purcell under 28 U.S.C. §636(b)(1)(B). The Report and Recommendation concludes the Court should screen and dismiss *pro se*[1] Plaintiff Aaron Lee Benshoof's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Plaintiff timely filed his objection, and the matter is ready for decision. On *de novo* review, for the reasons below, the Court ADOPTS the Report and Recommendation [Doc. No. 12] and DISMISSES Mr. Benshoof's Complaint. The Court further DENIES Plaintiff's motions for addendum [Doc. Nos. 6 and 9], Motion to Clarify [Doc. No. 10], and "Motion for an Augument of Records Manifest Exhibits" [Doc. No. 11 (errors in the original)] because Mr. Benshoof failed to object to the Magistrate Judge's recommendation that the Court dismiss these motions. *See*

---

[1] Because Mr. Benshoof is proceeding *pro se*, the Court construes his motion liberally but does not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Doc. No. 12 at 14 ("any pending motion not specifically addressed [in the Report and Recommendation] is denied.").

Mr. Benshoof's action arises from a series of interactions with Defendant Officer Sergeant Tristan Hall of the Cherokee Municipal Police Department in the spring of 2022.[2] Plaintiff alleges that on April 29, 2022,[3] he was working for the owner of a NAPA Auto Parts garage and Ace Hardware store (collectively "the stores") when Sergeant Hall, in plain clothes, drove up to him. Doc. No. 1 at 7. Mr. Benshoof claims Sergeant Hall yelled at him to stop digging in the trash and leave the premises. *Id*. Plaintiff states he refused the command and protested that the facility owner hired him to remove the scrap metal. *Id*. According to Mr. Benshoof, an officer in uniform, Officer Horstman, then arrived on the scene. *Id*. After what Plaintiff claims was a thirty to forty-minute investigation that included calling the officers' dispatch and the owner of the stores, the officers allowed Mr. Benshoof to proceed with his task. *Id*. According to Plaintiff, once he had finished moving the scrap metal from behind the stores and across the highway to a storage unit, he threw some of the metal on the ground in frustration. *Id*. The officers then approached Mr. Benshoof, and Defendant, allegedly with a smug smile, told Plaintiff that he would arrest him if he saw him by the stores again. *Id*.

---

[2] Plaintiff does not object to the Report and Recommendation's conclusion that the Court should dismiss his claims against the Cherokee Municipal Police Department, dismiss his First Amendment claims, and deny his pending motions. *See generally* Doc. No. 13. Mr. Benshoof also concedes the dismissal of his claims arising from his arrest on May 28, 2022. *Id.* at 8. The Court, therefore, addresses only Mr. Benshoof's Fourteenth Amendments claims against Sergeant Hall and Defendant Ryan McNeil, Chief of Cherokee Municipal Police Department, arising from the encounters on April 28 and May 3, 2022.

[3] In his initial pleading, Plaintiff claims the event occurred in the last week of March 2022. Doc. No. 1 at 7. However, his Motion to Clarify corrected the date to April 29, 2022. Doc. No. 10.

The second alleged incident occurred on May 3, 2022, at a local Jiffy Trip gas station. *Id*. at 8. Plaintiff claims he was smoking a cigarette and charging his cellphone behind the store in its employee area. *Id*. The store's manager asked him to smoke out front and charge his phone in the station's restaurant. *Id*. Mr. Benshoof alleges that he complied with the manager's request, but then Sergeant Hall confronted him. *Id*. Plaintiff claims that Sergeant Hall, in uniform on this occasion, demanded he leave the premises and threatened that he would arrest Mr. Benshoof if he came back. *Id*.

Plaintiff claims Sergeant Hall violated his Fourteenth Amendment rights to due process and equal protection during these two encounters. *Id*. at 12–14. He additionally asserts a *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) claim against Defendant Ryan McNeil, the Chief of Cherokee Municipal Police Department. *Id*. at 13. After reviewing the Complaint and the applicable authority, Magistrate Judge Purcell concluded these claims were meritless.

In his Report and Recommendation, Magistrate Judge Purcell determined that the Complaint had not adequately alleged that Sergeant Hall had violated any of Plaintiff's constitutional rights and that the Court should dismiss the Complaint. *See generally* Doc. No. 12. First, the Report and Recommendation concludes the Court should dismiss Plaintiff's due process claims because his pleading does not support that Sergeant Hall deprived Mr. Benshoof of any recognized constitutional interest. *Id*. at 9–10. Next, regarding Plaintiff's equal protection claim, Magistrate Judge Purcell recommends the Court reject this claim because Plaintiff never alleges that he is a member of a protected class that has received disparate treatment. *Id*. Finally, the Report and Recommendation

concludes the Court should dismiss the *Monell* claims against Defendant McNeil because Plaintiff has failed to plead that Sergeant Hall committed any underlying constitutional violations. *Id*. at 10–11.

Mr. Benshoof's Objection first argues that Magistrate Judge Purcell did not view the facts in the light most favorable to a plaintiff as required by the appliable standard. Doc. No. 13 at 5–6. In support of his due process claim, he argues that the arrest threat itself violates his liberty interests [*Id*. at 6], and that Sergeant Hall's actions interfered with his right to work and contract [*See generally* Doc. No. 15]. Regarding the recommended dismissal of his equal protection claims, he argues that, as an impoverished person, he is a member of a protected class and that Sergeant Hall discriminates against this class. Doc. No. 13 at 8. Finally, Plaintiff contends that he has established constitutional violations that justify a *Monell* claim. *Id*. at 9. The Court addresses each of these objections in turn.

The Court first addresses Mr. Benshoof's claim that Magistrate Judge Purcell failed to view the facts in this action in the light most favorable to Plaintiff. Mr. Benshoof is correct that courts screening claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) must view a complaint's factual allegations and their reasonable inferences in the light most favorable to the plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The Court has reviewed all of Plaintiff's filings and Magistrate Judge Purcell's description of the events in his Report and Recommendation. It concludes that the statement of the case in the Report and Recommendation describes the events alleged in the Complaint appropriately. The Court, consequently, sees no error in Magistrate Judge Purcell's factual findings and moves on to evaluate his legal conclusions.

Plaintiff's second objection centers on Sergeant Hall's verbal threats to arrest him, which he claims are *prima facie* instances of Fourteenth Amendment due process violations. However, the Tenth Circuit Court of Appeals has found that "[v]erbal harassment or abuse of th[is] sort . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979). In *Collins*, a prisoner sued his local sheriff's department for allegedly failing to mail his legal correspondence, laughing at him, and threatening to hang him. *Id*. The Court finds this case determinative of Mr. Benshoof's due process claims.

Although here the interaction with Sergeant Hall seems to have been very unpleasant for Plaintiff, the officer's threats did not deprive him of any interests. Mr. Benshoof pleaded that he was able to finish his work behind the Napa Auto Parts and Ace Hardware stores. Additionally, he does not allege that Sergeant Hall actually stopped him from returning to any of the locations referenced in his Complaint or ever arrested him for doing so. In short, Plaintiff's two negative verbal interactions with the same police officer, though certainly disagreeable from Mr. Benshoof's point of view, do not equate to a due process violation according to binding authority.

Regarding Plaintiff's contention that his poverty makes him a protected class of citizen under the equal protection clause of the Fourteenth Amendment, the Court finds this objection to be meritless. In *San Antonio Indep. Sch. Dist. V. Rodriguez*, 411 U.S. 1, 25 (1973), the Supreme Court explicitly declined to define those who live in poverty as a suspect or quasi-suspect class under the equal protection clause of the Fourteenth

Amendment. Consequently, the Court dismisses Mr. Benshoof's poverty-based equal protection claim.

Finally, Plaintiff reiterates in his Objection that he has adequately pleaded a *Monell* claim against Defendant McNeil. As Magistrate Judge Purcell explained, § 1983 supervisor liability must be premised on the unconstitutional acts committed by the supervisor's subordinates. *See Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146 (1151) (10th Cir. 2006). As explained above, Mr. Benshoof has not adequately pleaded that Sergeant Hall violated any of Plaintiff's constitutional rights. Consequently, the Court dismisses the *Monell* claim.

For the reasons above, the Court finds Plaintiff has failed to demonstrate his Objections to the Report and Recommendation have merit. Therefore, the Court ADOPTS the Report and Recommendation [Doc. No. 12] in its entirety and DISMISSES Mr. Benshoof's Complaint. The Court further DENIES Plaintiff's motions for addendum [Doc. Nos. 6 and 9], Motion to Clarify [Doc. No. 10], and "Motion for an Augument of Records Manifest Exhibits" [Doc. No. 11 (errors in the original)] because Mr. Benshoof failed to object to the Magistrate Judge's recommendation that the Court dismiss these motions. *See* Doc. No. 12 at 14 ("any pending motion not specifically addressed [in the Report and Recommendation] is denied.").

IT IS SO ORDERED this 22nd day of August 2022.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE